**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODERICK NIXON, p/k/a Nitro, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPORTSKEEDA INC., a Delaware corporation; and DOES 1-10<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*);<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>Jury Trial Demanded |

Plaintiff, Roderick Nixon, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Roderick Nixon professionally known as "Nitro" ("Nitro") is an individual residing in Detroit, Michigan.

5. Nitro is informed and believes and thereon alleges that Nazara Technologies Limited is an Indian Limited Corporation and is doing business within the state of Delaware through its ownership of Sportskeeda Inc. doing business as "Sportskeeda" a Delaware corporation, doing business in and with the State of New York, including as indicated by its registration with the New York secretary of State and its distribution of its online content to users in New York.

6. Defendants Does 1 through 10, inclusive (collectively with Sportskeeda, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Nitro is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Nitro's rights and the damages to Nitro proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPHY

8. Nitro is a renowned professional celebrity and music photographer who has taken photographs of famous figures such as Tupac, Biggie, and Lil Kim. Nitro has published thousands of original photographs in widely circulated publications such as magazines, books, CD covers, and TV shows.

9. Nitro created and owns the original photograph of celebrities Tupac and Mike Tyson (the "Subject Photograph"), attached hereto below.

| Subject Photography |
|---|
|  |

10. Nitro complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Nitro has registered with the United States Copyright Office.

11. Prior to the acts complained of herein, Nitro widely publicly displayed and disseminated the Subject Photography.

12. Beginning at least as of September 21, 2022, Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photography for financial benefit by, without limitation, reproducing the Subject Photography online for commercial benefit, on website *Sportskeeda.com*. True and correct copies and screen captures of Defendants' unauthorized use and the corresponding URL is depicted hereto below ("Infringing Use"). These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

**Infringing Use**

URL: https://www.sportskeeda.com/pro-boxing/news-mike-tyson-discusses-tupac-shakur

13. Defendants' Infringing Use also removes or omits Nitro's identifying information and instead credits the photograph to "@BoxingHistory" which falsely indicates to the public that Defendants lawfully acquired rights to exploit the Subject Photography or otherwise that BoxingHistory or anyone other than Nitro owns the photograph.

14. Upon information and belief, Nitro alleges that Defendants, and each of them, had access to the Subject Photography, including through Nitro's numerous online profiles and features, online publications and press featuring Nitro's work, Nitro's social media accounts, and/or through viewing the Subject Photography on third-party websites (e.g., media publications, internet search engines, etc.).

15. Nitro has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photography.

16. On February 1, 2023, Nitro, through counsel, sent Sportskeeda a demand to cease-and-desist their unauthorized use of Nitro's copyrighted work. Sportskeeda has failed to meaningful respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Upon information and belief, Nitro alleges that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph as it was publicly displayed. Access is additionally evidenced by Subject Photograph's exact reproduction in the Infringing Use without photo credit in the Infringing Use.

19. Upon information and belief, Nitro alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph as seen, without limitation, in the Infringing Uses.

20. Upon information and belief, Nitro alleges that Defendants, and each of them, infringed Nitro's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

21. Due to Defendants', and each of their, acts of infringement, Nitro has suffered actual, general, and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nitro's rights in the Subject Photograph. As such, Nitro is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph in an amount to be established at trial.

23. Nitro is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, further subjecting Defendants, and each of them, to statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Upon information and belief, Nitro alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Use to third parties for further publication.

26. Nitro is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Infringing Use.

27. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Nitro has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nitro's rights in the Subject Photograph. As such, Nitro is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

29. Nitro is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

30. Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

31. Nitro's photography was routinely published with copyright management information ("CMI"), as the phrase is used in 17 USC § 1202. Nitro's CMI included without limitation his name and other indicia of authorship and attribution information.

32. Upon information and belief, Nitro alleges that Defendants, and each of them, intentionally removed Nitro's CMI in violation of 17 USC §1202(b) before copying, reproducing, distribution, and displaying the Subject Photograph online.

33. Upon information and belief, Nitro alleges that Defendants, and each of them, did distribute or import for distribution, the Subject Photograph knowing that copyright management information has been removed or altered without authority of Ryan or the law, knowing, or, with respects to civil remedies under 17 USC §1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title

34. On information and belief, Nitro alleges that Defendants, and each of them, in violation of 17 USC §1202(a) knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information whey they added their own logo and author names, bylines, and attribution to the Subject Photographs within the Infringing Use.

35. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

36. On information and belief, Nitro alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

37. Due to Defendants acts of infringement, as alleged herein, Nitro has suffered and will seek to recover general and specific damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photography.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                        Respectfully submitted,

Dated: August 12, 2025         By:  */s/ Scott Alan Burroughs*
                                        Scott Alan Burroughs, Esq.

DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
Telephone: (310) 590-1820
*Attorney for Plaintiff*